## ISLAND SAVINGS BANK *vs.* CATHERINE GALVIN, Executrix.

NEWPORT—JANUARY 11, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

At the time of the making of a joint note the statute provided that the representative of one jointly bound with another should be chargeable in the same manner as if the obligation were several, provided that the plaintiff first pursue the surviving debtor to final judgment and execution. At the time of beginning suit on this note (one of the joint makers having deceased) a change in the statute had so limited the proviso that the representative of a deceased joint maker of such a note could be sued as if the contract had been several :—

*Held,* that the liability had remained the same, and that the only change had been in the remedy.

*Held,* further, that no right was affected ; for, if a representative be sued when the surviving partner is able to pay, the representative can compel contribution, and with the same result as if the survivor were first sued and then compelled contribution from the representative.

In execution of the powers in a mortgage deed a sale was made of property for much less than the amount of the mortgage note, and under circumstances which resulted in a decree that the purchaser convey back to the former owner a part of the estate and render an account in the premises. In a suit for the balance of the note the defendant claimed recoupment for damages arising from the improper conduct of plaintiff's agent in the sale, and offered testimony relating thereto, and also the record in the equity case :—

*Held,* that as the defendant had been re-instated to her proportionate ownership in the estate, and was in the same position she would have occupied if no sale had been make, the testimony was irrelevant and the facts sought to be proved constituted no defence.

ASSUMPSIT for balance of a joint promissory note against the representative of a deceased maker. Heard on defendant's petition for a new trial.

STINESS, J. The plaintiff sued for a balance due on a promissory note given to it by Patrick H. Horgan, Charles C. Pierce, and Daniel Galvin, August 8, 1892, for the sum of $10,000, secured by mortgage on real estate in Newport. Daniel Galvin died August 8, 1894, and afterwards the real estate was sold under the mortgage for the sum of $6,700.

On motion of the defendant, Catherine Galvin, executrix, the surviving joint debtor, Horgan, was summoned in; the other, Pierce, not being within this jurisdiction.

At the trial the plaintiff produced the note, proved the amount due upon it, and rested.

Catherine Galvin then asked the court to rule that she was entitled to a verdict because the plaintiff had not pursued the surviving debtors to judgment and execution, which request was denied.

Under Pub. Stat. R. I. cap. 204, § 28, in force at the date of the note, the representative of one jointly bound with another was made chargeable, by virtue of such obligation, in the same manner as such representative might have been charged if the obligors had been bound severally as well as jointly; "*provided*, that the plaintiff shall first pursue the surviving debtor to final judgment and execution." The claim is that this proviso fixed the liability of the parties so as to make the liability of a deceased party subsequent to that of the surviving debtors, and that this liability could not be affected by the provisions of the Judiciary Act, cap. 13, § 17, passed May 19, 1893, which limited the proviso to partnership contracts, thus leaving the representatives of other joint debtors to be pursued as under a several contract.

We do not think that the claim of the defendant is tenable. Under both the former and subsequent laws each debtor was chargeable severally. There has been no change in the liability. The only change has been in the remedy. Under the former act the representative could not be sued until after judgment and execution against the surviving debtor, and under the later act he may be sued before such judgment and execution. In both cases the right and liability to contribution and the ultimate liability for the whole, if the surviving debtors are unable to pay, remain the same. The change is simply in the time when the representative may be sued, and this is clearly a change of remedy only. No right is affected, for if a creditor should, under the present law, first sue a representative when the surviving debtors are able to pay, the representative may compel contribution, and the result is the ssme as though they had been first sued and then compelled contribution from the representative. The proposition that changes may be made in a remedy is

too plain for argument.    The subject was fully discussed in *Penniman, Pet'r*, 11 R. I. 333.

The request for a ruling, upon the ground stated, having been denied, the defendant proceeded to offer testimony. Without attempting to follow the numerous exceptions which were taken, it is sufficient to say that the defence to the claim for a balance due on the note was by way of recoupment for damages arising from the improper conduct of the plaintiff's agent in the sale, on account of which the property was sold for a sum far below its value, whereas a fair sale would have produced more than enough to pay the note.    It .appeared that the sale of the property was entrusted by the plaintiff to Edward Newton, then its treasurer, who bid in the property for himself for the sum of $6,700.    Much testimony was offered to show the relation between Newton and Horgan in regard to the property after the sale, in support of the charge of a fraudulent sale, which was excluded upon the ground that after the sale Newton was no longer agent for the bank, and that what he did with the property was immaterial.    So far as the matter of agency is concerned the ruling was clearly correct; but, still, the subsequent conduct of the parties might show that they were acting in collusion and fraudulently as regards the Galvin interest.    When testimony goes to show that the buyer at the sale was only a nominal purchaser, and that Galvin's co-debtor continued to exercise all the appearance of ownership and to use the estate as his own, it is quite a different thing from testimony which would show the same state of affairs between the buyer and a stranger to the estate.    The difference lies in the relationship of joint obligors between Horgan and Galvin, which presents an element of fraud when the sale is made for the benefit of one and to the detriment of the other; whereas a sale for the same sum for the benefit of a stranger might show, *prima facie* at least, only inadequacy of price.    Proof of such collusion would most naturally appear in conduct after the sale had been made, but it would tend to show that it existed and operated at the time of the sale.    But even if this is so, and if some of the testimony offered by the de-

fendant was pertinent to what she wanted to prove, still we do not see how we can grant a new trial in this case. The defendant Galvin put in evidence the record in the suit in equity brought by her against Newton, 19 R. I. 176, in which it was decreed that Newton should convey to the complainants, heirs at law of Daniel Galvin, one-fourth of the estate bought by him at the sale under the mortgage, subject to the new mortgage of $7,000 given by him in payment therefor, and also should account for the surplus of said mortgage over the purchase money, and for rents and profits. Thus the plaintiff, as representative of Daniel Galvin, having been re-instated to her proportionate ownership in the estate, stands as though no sale had been made. She has, therefore, suffered nothing by the sale. She cannot have her property back and at the same time be exempt from liability for the debt. Thus all the testimony relating to a fraudulent sale was irrelevant and constituted no defence, because testimony showing the improper conduct of the plaintiff's agent in the sale can be of no consequence when, by reason of it, the defendants have already been restored to their rights in the property. The usual course in such cases is for the party injured to set aside the sale and redeem the mortgage. The debt is thereby paid, and the property which would otherwise have been sacrificed is restored. In this case, as the purchaser was himself the wrongdoer, he was held to be the trustee of the complainants for their interest in the property, and, since it has been restored to them, they cannot claim to be absolved from the debt any more than they would have been if the sale had been set aside and the mortgage redeemed. The complainants, being heirs at law of Daniel Galvin, took the estate subject to his liabilities and not in a separate interest. We are, therefore, of opinion that, upon the facts shown, the defence set up by the executrix cannot avail, and that the petition for a new trial must be denied.

*Wm. P. Sheffield, Jr.*, for plaintiff.
*Charles Acton Ives*, for defendant.